IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

SHANNONDORE L. SIMS,

            Petitioner

VS.

DENNIS BROWN, WARDEN, and
ROSE WILLIAMS, WARDEN,

           Respondents

NO.  3:08-CV-77 (CDL)

PROCEEDING UNDER 28 U.S.C. §2254
BEFORE THE U.S. MAGISTRATE JUDGE

## RECOMMENDATION TO DISMISS

Petitioner SHANNONDORE L. SIMS has filed a petition herein seeking federal habeas corpus relief.  Tab #1.  Respondent DENNIS BROWN has filed a motion seeking to dismiss this petition contending that it is untimely filed under the Anti-Terrorism and Effective Death Penalty Act (AEDPA).[1]  Tab #9.  Petitioner SIMS has responded to the motion.  Tab #10.

### LEGAL STANDARD

The provisions of the AEDPA, 28 U.S.C. §2244(d) provide as follows:

*(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court.  The limitation period shall run from the latest of–*

    *(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;*

    *(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such by State action;*

    *(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or*

---

[1] Respondent BROWN also argues that the petition is successive thus requiring authorization from the Eleventh Circuit prior to consideration in this court.  While a second or successive petition would require such authorization, there is some question whether the instant petition would properly be considered successive as the petitioner's initial federal petition was dismissed as untimely.  In any event, analysis of this issue does not appear to be necessary at this time.

> *(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.*
>
> *(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.*

FACTUAL AND PROCEDURAL HISTORY

Petitioner SIMS entered guilty pleas in the Superior Court of Clarke County on April 19,1996, to the offenses of felony murder and armed robbery. He was sentenced to life imprisonment plus fifteen (15) years concurrent; he did not file a direct appeal.

In April of 1999, petitioner SIMS filed a *state* habeas corpus petition in the Superior Court of Telfair County, Georgia, challenging his Clarke County convictions. The state habeas court denied relief in August 1999. On January 19, 2000, the Georgia Supreme Court denied petitioner SIMS' application for a certificate of probable cause to appeal. On March 10, 2000, the petitioner filed a federal habeas corpus petition in this court challenging his April 19, 1996 Clarke County convictions. After review, and in ruling upon the respondent's motion seeking dismissal, this court dismissed the petition as untimely filed. See *Sims v. Thompson*, 3:00-CV-29 (DF) (M.D. Ga. Apr. 3, 2001). On August 8, 2008, petitioner SIMS executed the instant federal petition. The petition was filed on August 12, 2008. Respondent BROWN has filed a motion seeking to dismiss this petition as untimely, and petitioner SIMS has filed a response.

DISCUSSION

In his motion seeking dismissal, respondent BROWN contends that pursuant to O.C.G.A. §5-6-38, petitioner SIMS' conviction became final on May 19, 1996, the date upon which the thirty (30) day period for filing a notice of appeal from his guilty pleas expired. Respondent BROWN next notes that the petitioner waited until April of 1999 to file a *state* habeas corpus petition. The time elapsed between these two dates totals nearly three (3) years. Consequently, at the time SIMS filed his *state* petition, there was no time remaining for him to timely file a federal petition. Accordingly, and as this court ultimately concluded in the petitioner's 1999 filing, SIMS' initial federal habeas petition was untimely and subject to dismissal. As SIMS' initial federal habeas corpus petition challenging his April 1996 Clarke County convictions was dismissed as untimely, respondent BROWN contends that the instant petition should likewise be dismissed. The undersigned agrees.

After reviewing the record in this case, and taking into account this court's earlier ruling on the petitioner's initial federal habeas petition, the undersigned finds the respondent's analysis of the application of the one-year limitations period to petitioner's case to be persuasive. At the time the petitioner filed his *state* habeas petition, far more than one year had passed since his conviction had become final. Thus, any subsequently filed federal habeas corpus petition, including the instant petition, would be untimely. Consequently, respondent BROWN's motion to dismiss should be **GRANTED** and the instant petition for habeas corpus should be **DISMISSED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom this case is assigned, WITHIN TEN (10) DAYS after being served with a copy thereof. The Clerk is directed to serve the petitioner at the **LAST ADDRESS** provided by him.

SO RECOMMENDED, this 9th day of June, 2009.



                                              CLAUDE W. HICKS, JR.
                                              UNITED STATES MAGISTRATE JUDGE